IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| JOSEPH ANTHONY JOHNO and ) | |
| SANDRA SUE JOHNO, ) | Case No. 06-20260 |
| ) | |
| Debtors. ) | |

**<u>ORDER ON MOTION FOR SANCTIONS</u>**

On October 4, 2006, Debtors Joseph Anthony Johno and Sandra Sue Johno filed a motion for sanctions against creditor Charles Septowski alleging that Septowski had violated the automatic stay by filing a lawsuit against them in the District Court of Travis County, Texas on September 1, 2006.  Debtors requested a temporary restraining order suspending further action in the Texas lawsuit pending a hearing on the motion for sanctions.  On October 6, the Court entered that order, after submission of affidavits establishing the grounds for issuance of the order pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 65 of the Federal Rules of Civil Procedure.  The order was subsequently extended to October 20, 2006.

On October 19, 2006, the Court held an evidentiary hearing on the motion for sanctions. After hearing the evidence, the Court concluded that the filing of the Texas lawsuit was a violation of the automatic stay as to Debtor Joseph Johno, declared the filing void, ordered Joseph Johno dismissed from the Texas lawsuit and indicated it would make an award of damages in the amount of attorney's fees incurred on behalf of Joseph Johno in defending the Texas lawsuit and in prosecuting the motion for sanctions.  The Court granted Joseph Johno ten days within which to submit evidence of the fees incurred.  The Court also denied the motion for sanctions as to Debtor Sandra Johno finding that Septowski had previously requested the authorization of this Court to initiate action against her based on alleged postpetition tortious conduct and that the evidence did

not establish that the filing exceeded the authorization previously provided by the Court. The Court now issues this Order affirming its previous findings and awarding attorney's fees to Joseph Johno.

The Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 20, 2006. At that time, Debtors were indebted to Septowski based upon a judgment entered against them in December 2005 in the District Court of Travis County, Texas, which had subsequently been registered in the state of Missouri and became a lien on Debtors' real property. Septowski filed a motion for relief from the automatic stay seeking authorization to foreclose his judicial lien on the residence and a complaint to determine the dischargeability of the obligation embodied in the Texas judgment. The Debtors filed a motion to avoid the judicial lien as impairing an exemption to which they were entitled. All of these proceedings were subsequently settled by agreement of the parties.

In the middle of this process, on June 27, 2006, Sandra Johno, claiming that she was the victim of stalking by Septowski, filed a lawsuit against him in the Circuit Court of Camden County, which was dismissed after a hearing. On July 14, 2006, Septowski filed in this Court a request for a determination that he might, without violating the automatic stay, initiate judicial action against Sandra Johno on alleged postpetition tort claims stemming from the filing and dismissal of the Camden County proceeding or, in the alternative, seeking relief from the automatic stay in order to do so. After a hearing held on August 17, 2006, the Court granted the motion. On September 1, 2006, Septowski filed an action in the District Court of Travis County, asserting claims for defamation, defamation per se, and abuse of process against both Joseph and Sandra Johno. The motion for sanctions and for a temporary restraining order followed.

After hearing the evidence, the Court determined that it would deny the motion for sanctions

as to Sandra Johno. As noted, Septowski had previously obtained an order of this Court determining that an action against her based on her postpetition conduct would not constitute a violation of the automatic stay or, in the alternative, granting him relief to do so. According to the exhibits and the testimony, the Texas lawsuit is based on Sandra Johno's commencement of the Camden County proceeding and its subsequent dismissal. The Court cannot find from the evidence that Septowski is exceeding the authorization provided by this Court in its previous order or that the filing is a mere pretext in an attempt to collect a prepetition obligation. Although the Court has serious doubts as to whether the Texas court has jurisdiction over Sandra Johno on a claim based solely upon her conduct in filing a lawsuit in the state of Missouri, it has determined to permit the jurisdictional as well as the substantive issues to be raised and decided in the Texas lawsuit.

As to Debtor Joseph Johno, however, the situation is quite different. As noted, Septowski's previous motion relates only to Sandra Johno. The Court therefore made no previous determination that the filing of this lawsuit against Joseph Johno would not constitute a violation of the automatic stay. Similarly, it provided Septowski with no authorization for the commencement of a lawsuit against Joseph Johno. The evidence is clear that the claims asserted in the lawsuit are based exclusively upon the filing by Sandra Johno of the Camden County proceeding. Joseph Johno was not a party to that proceeding. At most, the evidence indicates that he may have been aware of the filing prior to its having been made. It does not support a finding that he was involved in any other way. Accordingly, the Court finds that there is no colorable claim against Joseph Johno and that the filing of the Texas lawsuit is nothing more than a pretense and an attempt to further harass Joseph Johno to collect on a prepetition claim. As such, it is a violation of § 362(a)(6). The Court's finding is buttressed by more than just the absence of a colorable claim against Joseph Johno. First, the

allegations of the petition in the Texas lawsuit include a lengthy recitation of the prepetition history between the parties and the prior Texas judgment, little or none of which would be necessary to establish the claims asserted which are based exclusively on the stalking lawsuit filed by Sandra Johno. In this Court's view, they reveal Septowski's true state of mind and purpose in filing the Texas proceeding. Second, during his testimony at the hearing, Septowski candidly admitted that he would like to think some day he would get paid. In his response to Joseph Johno's submission on damages, Septowski claims that this response was "imprecise" in that he was referring to his post-petition claim. The Court based its ruling on the evidence as presented, not as Septowski would like it to read in his post-hoc attempt to alter the record.

Section 362(k)(1) provides that an individual injured by a creditor's violation of the automatic stay "shall recover actual damages, including costs and attorney's fees." 11 U.S.C. § 362(k)(1). In order to recover actual damages under § 362(k), the debtor must show that the creditor's violation of the automatic stay was willful and the debtor was injured. *Lovett v. Honeywell, Inc. (In re Transportation Systems International, Inc.)*, 930 F.2d 625, 628 (8th Cir. 1991). A creditor commits a willful violation of the automatic stay when he acts deliberately with knowledge of the filing of the petition. *Knaus v. Concordia Lumber Company (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989); *In re Jackson*, 309 B.R. 33 , 37 (Bankr. W.D. Mo. 2004).

There is no question here but that Septowski acted deliberately and that he knew of the existence of a bankruptcy petition and of the automatic stay, having participated significantly in this case and having acknowledged the existence of the automatic stay by filing his previous request. Septowski admits in his post-hearing submission that he intentionally joined Joseph Johno in the Texas lawsuit. He claims he did so in the belief that he had already obtained this Court's

4

authorization to do so believing that his previous motion encompassed Joseph as well as Sandra Johno. Since Septowski drafted the motion, he would need only to have referred to his own pleading to determine that that was incorrect. He suggests the failure to include Joseph Johno was a clerical error and that he intended to include both Debtors in his previous motion. The Court, however, believes that the limitation in his motion was advised, based on his recognition he had no claim to pursue against Joseph Johno and that no authorization from this Court was necessary. As noted above, a violation of the automatic stay is willful if a creditor acts intentionally with knowledge of the bankruptcy. It is not necessary that the creditor have intended to violate the automatic stay. Septowski deliberately took an action which this Court has determined was a violation of the automatic stay. Finally, the absence of Joseph Johno's name from Septowski's prior motion is only marginally relevant, since even if it had been included, this Court would have to assess whether the Texas lawsuit was a legitimate pursuit of an alleged postpetition claim or a ruse.

Joseph Johno was injured in that his legal rights, including the right to be free of action done in violation of the automatic stay, were violated. *Jackson*, 309 B.R. at 37. The Court awarded $1.00 in actual damages and gave Joseph Johno an attempt to demonstrate additional actual damages in the form of attorney's fees incurred in defending the Texas lawsuit. In response, Joseph Johno submitted a letter from his Texas counsel indicating that he had charged a flat fee retainer to both Debtors to defend them in the Texas lawsuit up until trial, for the sum of $3,000.00. There is no evidence as to what fees were incurred through the date of the October 19 hearing in that lawsuit. Attached to Septowski's post-hearing submission is a letter from Debtors' Texas counsel indicating that the dismissal of Joseph Johno from the Texas lawsuit will not affect the fee. Accordingly, this Court believes that there is insufficient evidence that Joseph Johno has incurred attorney's fees in

5

the defense of that proceeding and awards no additional actual damages to Joseph Johno. However, even the award of nominal damages is sufficient to support an award of attorney's fees to the debtor. *Jackson*, 309 B.R. at 38, n. 6. Joseph Johno has now submitted evidence of attorney's fees incurred in prosecuting the motion for sanctions in this case. Debtor's bankruptcy counsel submitted a detailed statement itemizing time incurred in connection with this matter, a total of $2,400.00 in attorney's fees, representing 12 hours of time at an hourly rate of $200.00. The Court finds both the hourly rate and the amount of time expended to be reasonable. That time was expended in the course of prosecuting the claim of both Debtors for a violation of the automatic stay. The amount attributable to Joseph Johno is one half of that sum or $1,200.00.

IT IS THEREFORE ORDERED that creditor Charles Septowski pay to Debtor Joseph Johno the sum of $1,201.00 as a sanction for his willful violation of the automatic stay.

DATED:   November 7, 2006                     /s/ Dennis R. Dow
                                              HONORABLE DENNIS R. DOW
                                              UNITED STATES BANKRUPTCY JUDGE

Copies to:

Charles F. Johnson
Charles Septowski